UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : 05 Crim. 518 (SAS) |
| VIKTOR KOZENY, | : |
| FREDERIC BOURKE, JR., and | : DECLARATION OF |
| DAVID PINKERTON, | : PAUL B. STEPHAN |
| | : |
| Defendants. | : |
| | : |

        I, PAUL B. STEPHAN, pursuant to 28 U.S.C. § 1746, declare under penalty of

perjury as follows:

**Introduction**

1. I previously submitted a declaration concerning issues of Azeri law on April 7, 2008.

**Provisions of Azeri Law Relevant to the Legality of the Meetings with Public Officials**

2. I have been asked to consider whether and under what circumstances it was lawful under the

written law of Azerbaijan during 1997-99 to compensate a private person to arrange a meeting

with a government official to discuss matters within that official's responsibilities. In sum, under

the Criminal Code in force during that time it was legal to compensate a private person to

facilitate such a meeting.

3. Article 57(1) of the Azerbaijan Constitution enshrines the right of Azeri citizens to

communicate with government officials, either in person or in writing. In particular, it provides:

    Citizens of the Azerbaijan Republic have the right to appeal personally and also to submit

    individual and collective written applications to state bodies. Each application should be

    responded to in an established order and term.

(TAB A) (for all the legal sources cited in this report that are not cited in my prior declaration, I attach my English translation of the document and the official Russian text as a TAB).

4. Article 59 of the Azerbaijan Constitution enshrines the right of all persons (not just citizens) to engage in business activity or any other economic activity permitted by law.

5. As I noted in my prior declaration, Article 69 of the Constitution broadly extends the rights of citizens to other persons lawfully on the territory of Azerbaijan, unless the enacted law of Azerbaijan otherwise provides. I am not aware of any statute or other law of Azerbaijan restricting the right of foreign persons to meet with government officials.

6. My prior declaration discussed those provisions of the Azerbaijan criminal code applicable to abuses of public office. None of those provisions treats as unlawful a decision by a public official to meet with a private person, whether an Azeri citizen or a foreigner. Nor does any provision of Azeri law treat as unlawful the acceptance of compensation by a private person in return for efforts made to arrange a meeting with a public official.

**Provisions of Azeri Law Related to Culpability for an Act of Bribery**

7. I further have been asked to consider whether a person who participates in conduct leading to payment of a bribe has acted consistently with the written law of Azerbaijan in effect during 1997-99 in those instances where the illegal coercion that induced the payment directly involved someone else. In sum, Azeri law focuses on the totality of the transaction and the interests of members of the group involved in the transaction. If a payment was legal under Azeri law because of coercion directed against a legally protected interest common to members of a group, then all members of the group who participated in acts leading or contributing to the payment, or who otherwise might be subject to criminal liability, have behaved legally within the terms of Azeri law.

2

8. This point is addressed clearly in Point 14 in the 2000 Guiding Explanation of the Supreme Court of the Russian Federation, which I cited in my previous declaration. That instrument explains that the systematic giving of multiple payments to obtain a single general end should be treated as a single transaction, and not as a series of discrete transactions. To similar effect is the treatise of Professor Volzhenkin, also cited in my previous declaration, who elaborates:

It must be considered a single continuing offense, and not repeated receipt of bribes, when things of value or economic benefits are received systematically, supplied to the public official by the suborner for general patronage or permissiveness in office, if no specific acts (omissions) by the public official are agreed upon each time when the compensation is given.

Volzhenkin at 231. See also *id.* at 237 ("[I]f the official simultaneously received a bribe from several persons for the commission in their interests of a single act, the amount of the bribe will be determined based on the total amount.") (TAB B).

9. In light of this analysis, it is clear that, as a matter of Azeri law, all participants in an organized group that facilitates payment of a bribe or who might otherwise be held criminally responsible for such payment, have not committed a criminal offense if the payment was procured through extortion threatening one or more legally protected interests of that group.

Dated: Charlottesville Virginia
June 23, 2008

By: Paul B. Stephan
University of Virginia School of Law
Charlottesville, Virginia

3