UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

UNITED STATES OF AMERICA

- against -

VIKTOR KOZENY and FREDERIC
BOURKE, JR.,

Defendants.

------------------------------------------------------ X

MEMORANDUM
OPINION AND ORDER

05 Cr. 518 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

On October 21, 2008, this Court held that it would not instruct the jury on the reporting and extortion exceptions to criminal liability in Article 171 of the Azerbaijan Criminal Code ("ACC").[1] The Court further ruled that if Bourke provided an "evidentiary foundation for 'true extortion'" – as defined under the Foreign Corrupt Practices Act ("FCPA") – the Court would instruct the jury regarding the requisite "corrupt" intent required for a violation of the FCPA.[2] Bourke now seeks reconsideration of this decision, arguing that the Court failed to

---

[1] *See United States v. Kozeny*, — F. Supp. 2d —, 2008 WL 4658807 (S.D.N.Y. Oct. 21, 2008).

[2] *Id.* at *4.

1

opine with regards to two other issues of Azeri law: 1) "that a mere offer to give a bribe, without any specific acts directed toward transferring the subject of the bribe to its recipient, is not a crime;" and 2) that "the offense of bribery requires 'direct intent.'"[3]

## II. LEGAL STANDARD

A motion for reconsideration is governed by Local Rule 6.3 and is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[4] "A motion for reconsideration may also be granted to 'correct a clear error or prevent manifest injustice.'"[5]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then

---

[3] *See* Memorandum of Law in Support of Defendant's Motion for Reconsideration of the Court's Ruling on Azeri Law Issues ("Def. Mem."), at 1.

[4] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[5] *In re Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570, 2006 WL 708149, at *1 (S.D.N.Y. Mar. 20, 2006) (quoting *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

plugging the gaps of a lost motion with additional matters.'"[6] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[7] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[8]

## III. DISCUSSION

### A. A Mere Offer to Give a Bribe

Bourke argues that the Court failed to consider his proposed instruction that "[a] mere offer to give a bribe on the part of the bribe giver,

---

[6] *Naiman v. New York Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 1, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[7] *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (quotation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

[8] *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 96 Civ. 9015, 2006 WL 721862, at *2 (S.D.N.Y. Mar. 22, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

without the bribe giver performing any specific actions directed toward transferring the subject of the bribe to the government official, is not a crime under Azeri law."[9] However, this proposed instruction was not raised in Bourke's briefing on the motion.[10] Instead, the focus of Bourke's motion was an instruction with regards to Article 171 of the ACC.[11] This Court will not permit Bourke to reargue his lost motion by raising a new issue that was not briefed.

This Court also declines to rule on this instruction because Bourke has not been charged with making a "mere offer." The "two-thirds share capital increase" is alleged to have been transferred to Azeri officials.[12] Bourke has also been charged with having transferred cash and other gifts to various state officials.[13] Given these allegations, it is unclear how such an instruction could be given. Nevertheless, if Bourke produces evidence at trial from which the jury can

---

[9] Def. Mem. at 2.

[10] Although the proposed instruction was appended to the declaration of Bourke's expert, it was not discussed in Bourke's briefing.

[11] *See* Memorandum of Law in Support of Defendant Frederic A. Bourke, Jr.'s Motion to Dismiss the Charges Against Him and for Other Relief at 1; Supplemental Memorandum of Law in Support of Defendant Frederic A. Bourke's Motion Regarding Azeri Law Issues at 1.

[12] *See* Indictment ¶¶ 66, 67, 69.

[13] *See id.*

find that a "mere offer" was made, the Court will then decide how to instruct the jury.

## B. Requirement of "Direct Intent"

Bourke also argues that the Court failed to opine as to whether Azeri law requires that the payer possess "direct intent" in order to be criminally liable for bribery.[14] Bourke contends that under the FCPA, bribes are committed when a payer has a "'conscious disregard' of the possibility of bribery," which is broader than the "direct intent" that is required under Azeri law.[15]

This Court has already discussed the intent necessary for Bourke to be found liable under the FCPA.[16] The Court held that if a special instruction on the intent element should be given to the jury, that instruction would define what would constitute a situation in which a payer's will is so overcome that he cannot be said to have acted with intent.[17] Because the Court has already fully considered

---

[14] Def. Mem. at 3.

[15] *See id.* at 5-6.

[16] *See Kozeny*, 2008 WL 4658807, at *3.

[17] *See id.* A jury could find that a person who pays an official for a business opportunity possesses both a conscious disregard for the possibility of bribery and direct intent to make the payment. Thus, it is not clear whether this alleged theoretical distinction between the intent elements for bribery under the FCPA or Azeri law would make a practical significance to the outcome of Bourke's trial. The Court also notes that this distinction between "conscious

how the jury will be instructed with regards to the intent element, it cannot and will not reconsider its decision.

## V.  CONCLUSION

For the reasons stated above, the Court denies Bourke's motion for reconsideration. The Clerk of the Court is directed to close this motion (document no. 139).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          December 12, 2008

---

disregard" under the FCPA and "direct intent" under Azeri law was not briefed by Bourke.