**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - x

**UNITED STATES OF AMERICA**            :

      -v-                               :   S1 05 Cr. 518

**FREDERIC BOURKE,**                     :

      Defendant.               :

- - - - - - - - - - - - - - - - - - - - x


**GOVERNMENT'S MOTION IN LIMINE TO PRELUDE CERTAIN**
**CROSS EXAMINATION OF HANS BODMER**


                        LEV L. DASSIN
                        Acting U.S. Attorney for the
                        Southern District of New York
                        Attorney for the United States
                            of America.

HARRY CHERNOFF
IRIS LAN
Assistant United States Attorneys
    - Of Counsel -



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

May 7, 2009

BY HAND & ECF
Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

    Re:    **United States v. Frederic Bourke, Jr.**
             **S1 05 Cr. 518 (SAS)**

Dear Judge Scheindlin:

      The Government writes respectfully in support of a motion in limine regarding the defendant Frederic Bourke's planned cross-examination of Government cooperator and attorney Hans Bodmer ("Bodmer") concerning his ongoing law practice and clients who are unrelated to this case.  For the reasons stated below, the Government respectfully requests that the Court preclude cross-examination on such subjects.

Background

      At trial, the Government plans to call Hans Bodmer, a Swiss attorney who served as an attorney for Oily Rock and Minaret, among others, to testify about his involvement in the charged conspiracies, which, as the Court well knows, included instances of money laundering in violation of U.S. law.  Bodmer's role in the conspiracy was as, among other things, counsel to the various entities that were used to make the corrupt investment in Azerbaijan.  In the course of responding to the Government's MLAT request to Swiss authorities, Bodmer's former law firm received the necessary waivers which permitted Bodmer, after his indictment and arrest, to cooperate with the Government and divulge attorney-client confidences.

      In recent discussions with defense counsel, the Government has learned that the defense intends to cross-examine Bodmer about his representation of other clients abroad.  The defense has also alluded to alleged violations of unspecified money laundering laws.  It is unclear how the defense has purportedly learned of Bodmer's other clients, his alleged money laundering, and

Hon. Shira A. Scheindlin
May 7, 2009
Page 2 of 4

whether any of this information is in the public domain.  In any case, this collateral line of cross-examination concerning Bodmer's other clients would call for Bodmer to violate his obligation as an attorney under Swiss law.

Applicable Law

    1.    <u>The District Court's Latitude to Preclude Cross Examination</u>

While the Confrontation Clause of the Sixth Amendment guarantees a defendant the right to cross-examine witnesses and present a defense, the scope and extent of cross-examination are committed to the sound discretion of the trial judge. *See United States* v. *Wilkerson*, 361 F.3d 717, 734 (2d Cir. 2004); *see also United States* v. *Salameh*, 152 F.3d 88, 130 (2d Cir. 1998). The district court is responsible for supervising the "mode . . . of interrogating witnesses" so as to make the presentation effective for the "ascertainment of the truth" and to avoid "needless consumption of time."  Fed. R. Evid. 611(a).  In carrying out this responsibility, a district judge has "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."  *Delaware* v. *Van Arsdall*, 475 U.S. 673, 679 (1986).

A district court's latitude extends to excluding "even relevant evidence if it finds that the 'probative value of the testimony' is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States* v. *Crowley*, 318 F.3d 401, 417 (2d Cir. 2003) (quoting Fed. R. Evid. 403; and *United States* v. *Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002)).

It is well-established that "the district court can bar cross-examination of communication protected by an attorney/client privilege." *United States* v. *Dennis*, 843 F.2d 652, 656 (2d Cir. 1988) (citing *United States* v. *Gatzonis*, 805 F.2d 72, 74-75 (2d Cir. 1986)).

    2.    <u>Applicable Swiss Law</u>

Attorney-client confidences are of course privileged in most familiar jurisdictions.  In Switzerland, a violation of the attorney-client privilege by the lawyer is also a violation of the Criminal Code.  The relevant Swiss legal authorities on this point are set forth in the attached Affidavit of Dr. Jörg Schwarz, dated May 7, 2009 ("Schwarz Aff."), attached hereto as Exhibit A (citing Article 321 of the Swiss Penal Code).

As Dr. Schwarz explains, under Swiss law, it is a crime to disclose information in violation of the attorney-client privilege.  The attorney-client privilege protects "secrets" of the client.  *See* Schwarz Aff. at ¶ 8.  A "secret" is defined as a fact that: (1) is known only to a limited

Hon. Shira A. Scheindlin
May 7, 2009
Page 3 of 4

number of individuals; (2) the client does not wish be disclosed; and (3) the client has a legitimate interest in keeping secret. *Id.*

An attorney may, however, obtain a waiver from the client or obtain a written authorization by the appropriate government authority, which in Bodmer's case is the Supervisory Authority over Attorneys of the Canton of Zurich ("Zurich Supervisory Authority"), where Bodmer practices law. *See* Schwarz Aff. at ¶ 13. Bodmer's law firm previously obtained the necessary waivers that permit him to testify on the subject matter of this trial without violating the privilege of the Swiss Penal Code. To testify about any other clients, however, would place Bodmer at a substantial risk of being punished criminally for violation of Swiss criminal law, as Bodmer has not obtained waivers for any of those clients or the requisite permission from the Zurich Supervisory Authority. *See* Schwarz Aff. at ¶ 15. Accordingly, if asked about information regarding those clients, Bodmer would be forced to invoke the attorney-client privilege at trial.

Discussion

The defense has ample material about which to cross-examine Bodmer. In this very case, he has pled guilty to money laundering; he has counseled Oily Rock in establishing a corrupt relationship with Azeri authorities; he has set up offshore companies and Swiss bank accounts for the benefit of Kozeny, certain Azeri officials, and others. Cross-examination of Bodmer as to his other clients, however, is too collateral and irrelevant. Moreover, forcing Bodmer to invoke the attorney-client privilege, repeatedly, in front of the jury would be unduly prejudicial to the Government's case.

It is easy to grasp why the defense hopes to tar Bodmer with whatever foreign clients, unpopular or controversial, that he may have. However, lawyers do have unpopular clients. While cross-examination of Bodmer as to the general nature of his law practice is fair game, attempting to have him name names is prejudicial and collateral.

The defense has further suggested that it has evidence that Bodmer has engaged in unspecified money laundering for other clients outside of those whom this case concerns. The Government is unaware of which countries' laws are purportedly at issue. Before the defense embarks on such a cross-examination, however, it should be required to make a good faith showing that such conduct may have occurred.[1] Certainly, it should not be left for the jury to

---

[1] The Second Circuit has held that while "counsel may explore certain areas of inquiry in a criminal trial without full knowledge of the answer to anticipated questions, he [or she] must, when confronted with a demand for an offer of proof, provide some good faith basis for questioning that alleges adverse facts." *United States* v. *Katsougrakis*, 715 F.2d 769, 779 (2d Cir.1983) (precluding witness cross-examination when "defense could not produce a source or

Hon. Shira A. Scheindlin
May 7, 2009
Page 4 of 4

attempt to sort out whether Bodmer has violated unknown laws in Switzerland, other parts of Europe, or the rest of the world.

     Accordingly, the Government respectfully requests that the defense be precluded from cross-examination of Bodmer concerning his other law clients. The Government further requests that the defense make a good-faith showing before accusing Bodmer of money laundering in his ongoing law practice.

                      Respectfully submitted,

                      LEV L. DASSIN
                      Acting United States Attorney

By:   /s/
     Harry A. Chernoff
     Iris Lan
     Assistant United States Attorneys
     (212) 637-2481; (212) 637-2620 (fax)

     Robertson Park
     Assistant Chief, Fraud Section
     United States Department of Justice

cc via e-mail:  Harold A. Haddon, Esq.
               Saskia Jordan, Esq.
               John D. Cline, Esq.
               K.C. Maxwell, Esq.
               J. David Reich, Esq.
               Christopher J. Paolella, Esq.

---

other information to verify its suspicions"). Cross-examination is not proper where there is an insufficient basis to support a conclusion that the acts alleged by the defendant in fact occurred, or when allegations are based largely on "hearsay statements made by unidentified sources." *United States* v. *Concepcion*, 983 F.2d 369, 392 (2d Cir.1992) (denying cross-examination of a witness alleged to have been involved in a murder because defendant lacked evidence either that murder had occurred or was committed by witness). Finally, the burden of showing the relevance of the excluded cross-examination is on the defendant. *See United States* v. *Purdy*, 144 F.3d 241, 245 (2d Cir.1998).