HADDON MORGAN MUELLER JORDAN
MACKEY & FOREMAN P.C.
Harold A. Haddon (HH-3929)
   (admitted *pro hac vice*)
Saskia A. Jordan (SJ-8927)
   (admitted *pro hac vice*)
150 E. 10th Avenue
Denver, CO 80203
Tel: 303-831-7364
Fax: 303-832-3628

JONES DAY LLP
John D. Cline (JC-7132)
   (admitted *pro hac vice*)
K.C. Maxwell (KM-8102)
   (admitted *pro hac vice*)
555 California Street, 26th Floor
San Francisco, CA 94104-1500
Tel: 415-626-3939
Fax: 415-875-5700

WINSTON & STRAWN LLP
J. David Reich (JR-8323)
Christopher J. Paolella (CP-3061)
200 Park Avenue
New York, NY 10166
Tel: 212-294-6700
Fax: 212-294-4700

*Attorneys for Defendant*
*Frederic A. Bourke, Jr.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :
   -against-                             :
                                         :    05 Cr. 518 (SAS)
FREDERIC BOURKE, JR.,                    :
                                         :
            Defendant.                   :
------------------------------------------------------------------x

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT**
**FREDERIC BOURKE, JR.'S MOTION FOR RELEASE PENDING APPEAL**

The government concedes that Bourke is not a danger to the community;[1] it grudgingly acknowledges that he does not pose "a serious risk of flight," Opp. 3; and it tacitly accepts (by not addressing the point) that his appeal "is not for the purpose of delay." Thus, the government focuses, as it should, on whether Bourke's appeal raises a substantial question of law or fact likely to result in reversal or a new trial or, if Count One alone is reversed, a sentence on Count Three that either does not include imprisonment or includes a reduced sentence "to a term of imprisonment less than . . . the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iii), (iv).

Since Bourke filed his bail motion and the government filed its response, the Court has denied Bourke's post-trial motions in a 65-page order. In light of that order, it is important to focus on the different standard that governs here. The controlling issue on this motion is not whether the Court agrees with the defense arguments (it clearly does not), nor is it whether the Court is "willing . . . to certify that it is likely to be reversed." *United States v. Randell*, 761 F.2d 122, 124-25 (2d Cir. 1985); *see, e.g., United States v. Tunick*, 2001 U.S. Dist. LEXIS 2911, at *9 (S.D.N.Y. Mar. 22, 2001). The decisive issue in this setting is merely whether Bourke presents "a 'close' question or one that very well could be decided the other way." *Randell*, 761 F.2d at 125 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Bourke meets that standard.

We will not rehash the arguments that have been presented already at length in our previous pleadings and oral arguments. It bears noting, however, that the issues Bourke intends to raise on appeal relate closely to each other and, in turn, to the critical disputed aspects of the case. A series of issues—the conscious avoidance instruction, the good faith instruction, the

---

[1] Government's Memorandum in Opposition to the Defendant's Motion for Bail Pending Appeal at 2 (Doc. 250, filed Oct. 9, 2009) ["Opp."].

1

absence of an instruction on "willfully and corruptly," and the exclusion of the Dresner testimony, for example—bear directly on Bourke's mens rea, which was the central battleground at trial. The assessment of Bourke's mens rea, in turn, depends heavily on the weight given the testimony of Bodmer and Farrell. At least two of the issues that Bourke intends to present on appeal—the restriction on the cross-examination of Farrell and the exclusion of portions of GX 181, which the government used to bolster Bodmer—strike at the credibility of those key witnesses. Thus, the issues on appeal not only present close legal questions; they go straight to the heart of the case and thus, if decided in Bourke's favor, are likely to produce a reversal or a new trial.

      This is not the place to register our disagreements with the Court's recent decision, but two issues are worth highlighting to illustrate the closeness of the questions presented. First, on the conscious avoidance instruction, the Court finds sufficient evidence that Bourke "took steps to avoid learning that the bribes were illegal." Opinion and Order at 40 (Oct. 13, 2009) ["Opinion"]. The question, however, is whether there is evidence that Bourke took steps to avoid learning that bribes were being paid at all, not whether the bribes were illegal. The Court points solely to a portion of the May 18, 1998 recording for such evidence. But the portion of the Court quotes (Opinion at 40 n.144) contains a statement by Friedman's attorney William Benjamin— not by Bourke—and the statement concerns avoiding *legal liability* under the FCPA, not avoiding *knowledge of bribery*. The entire premise of the call was that Bourke and the others could not monitor Kozeny's activities abroad and did not want to incur liability for possible conduct of which they were ignorant.

      The Court similarly declares that Bourke "took steps to avoid learning about [Kozeny's questionable practices] by declining to join the board of Oily Rock." Opinion at 43. But the

evidence shows that Bourke's refusal to join the board of Oily Rock was not an effort to avoid knowledge; it was an effort to avoid liability for Kozeny's *unknown* misdeeds.  We will argue on appeal, therefore, that this case is controlled by *United States v. Ferrarini*, 219 F.3d 145 (2d Cir. 2001), contrary to the Court's conclusion (Opinion at 41 n.145).  The issue is, at a minimum, "close."

Second, the Court, although recognizing that there is no Second Circuit case on point, concludes that an overt act is not an element of the Count One offense and thus need not be found by the jury unanimously.  Opinion at 54-56.  But the statute itself, 18 U.S.C. § 371, expressly makes an overt act an element of conspiracy.  Cases from the federal courts routinely refer to the "overt act element" of a § 371 conspiracy.  *See, e.g., United States v. Salmonese*, 352 F.3d 608, 618 (2d Cir. 2003); *United States v. Smith*, 939 F.2d 9, 11 (2d Cir. 1991); *United States v. Wallach*, 935 F.2d 445, 471 (2d Cir. 1991).  The Court itself instructed the jury that an overt act is an element of the conspiracy offense alleged in Count One.  T. 3375.

In a related context—the determination of whether the judge or jury decides the question of materiality—the Supreme Court has emphasized that there is no special category of elements to which the Sixth Amendment jury trial right applies less stringently.  *United States v. Gaudin*, 515 U.S. 506 (1995).  In our view, the fundamental logic of *Gaudin* applies here as well:  An overt act is an element of a § 371 conspiracy just as surely as materiality is an element of the false statement charge in *Gaudin*.  One aspect of Sixth Amendment jury trial right (embodied as well in Fed. R. Crim. P. 31(a)) is the right to a unanimous jury on each element of the offense.  And the defendant is entitled to have the jury agree unanimously not merely that a conspirator committed *some* overt act, but that the conspirator committed a *particular* overt act.  Given the absence of Second Circuit authority, the disagreement among courts outside this Circuit, and the

importance of the issue to Count One, in light of the statute of limitations issue, the absence of a unanimity instruction for the overt act element presents at least a close question.

The government insists, with respect to the overt act issue and other issues bearing solely on Count One, that even substantial questions that go to that count do not warrant bail pending appeal because Bourke would likely receive a lengthy sentence on Count Three alone. We respectfully disagree. The non-binding guideline range for that offense alone under the 1991 version of U.S.S.G. § 2B1.1 is 0 to 6 months (offense level 6, criminal history category I). The government's suggestion that the Court would sentence Bourke on Count Three alone not only for his alleged false statements to the FBI in 2002, but also for the conduct alleged in Count One—which ended in early 1999—makes no sense. It seems at least "likely," 18 U.S.C. § 3143(b), that if Count One is reversed, Bourke will face a sentence on Count Three alone that will be less than "the expected duration of the appeal process." Thus, even substantial questions that go to Count One only warrant release pending appeal.

## CONCLUSION

For these reasons, and for the reasons stated in Bourke's initial memorandum, the Court should release him pending appeal under 18 U.S.C. § 3143(b).

Dated:  October 16, 2009.

By:        /s/ Harold A. Haddon
    Harold A. Haddon (HH-3929)
      (admitted pro hac vice)
    Saskia A. Jordan (SJ-8927)
      (admitted pro hac vice)
    HADDON MORGAN MUELLER
    JORDAN MACKEY & FOREMAN P.C.
    150 E. 10th Avenue
    Denver, CO 80203
    Tel: 303-831-7364
    Fax: 303-832-3628

John D. Cline (JC-7132)
  (admitted pro hac vice)
K.C. Maxwell (KM-8102)
  (admitted pro hac vice)
JONES DAY LLP
555 California Street
San Francisco, CA 94104
Tel: 415-626-3939
Fax: 415-875-5700

J. David Reich (JR-8323)
Christopher J. Paolella (CP-3061)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: 212-294-6700
Fax: 212-294-4700

5