

MANDATE

11-5390-cr
United States v. Bourke

N.Y.S.D. Case #
05-cr-0518-2(SAS)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of November, two thousand twelve.

Present:
  JOHN M. WALKER,
  ROBERT A. KATZMANN,
  PETER W. HALL,
    *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 16, 2013

UNITED STATES OF AMERICA,

  *Appellee*,

  v.    No. 11-5390-cr

FREDERICK BOURKE, JR.,

  *Defendant-Appellant*[*]

For Appellee:  ANDREW L. FISH (Harry A. Chernoff, Iris Lan, Assistant United States Attorneys, and Robertson Park, Assistant Chief Fraud Section United States Department of Justice, *on the brief*) *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

---

[*] The Clerk of the Court is directed to amend the caption as noted.

| | |
|---|---|
| For Defendant-Appellant: | MICHAEL E. TIGAR, Law Office of Michael E. Tigar, Oriental, NC (John D. Cline, Law Office of John D. Cline, San Francisco, CA; Harold A. Haddon & Saskia A. Jordan, Haddon, Morgan, & Forman P.C., Denver, CO; Jane Blanksteen Tigar, Law Office of Michael E. Tigar, Oriental, NC *on the brief*). |

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Frederick Bourke, Jr. ("Bourke") appeals from the denial of his motion for a new trial by the United States District Court for the Southern District (Scheindlin, *J.*) , arguing that a new trial is necessary because of newly discovered evidence relating to alleged perjury by one of the key witnesses against him. The district court rejected an earlier motion for a new trial based on the same alleged perjury, and we have already upheld Bourke's conviction on direct appeal. *See United States v. Kozeny*, 667 F.3d 122 (2d Cir. 2011). However, Bourke filed a second motion under Federal Rule of Criminal Procedure 33(b), which permits what otherwise would be an untimely motion for a new trial if that motion is based on newly discovered evidence. He contends that the newly discovered evidence in this case is a statement made by government counsel during oral arguments on direct appeal that, according to Bourke, shows that the government knew that the key witness was going to lie on the stand. We assume the parties' familiarity with the facts and procedural history of the case, as well as the issues on appeal.

We review a district court's denial of a new trial for abuse of discretion. *United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009). Such motions are "granted only with great caution and

2

in the most extraordinary circumstances." *United States v. Zichettello*, 208 F.3d 72, 102 (2d Cir. 2000) (internal quotation marks omitted). For Rule 33 motions based on newly discovered evidence of perjury, the defendant must, among other things, pass two threshold inquiries—he must present some newly discovered evidence and must prove that "the witness in fact committed perjury." *United States v. Stewart*, 433 F.3d 273, 297 (2d Cir. 2006) (quoting *United States v. White*, 972 F.2d 16, 20 (2d Cir. 1992)). We do not believe Bourke can meet either threshold element.

Bourke argues that a statement made by government counsel to this court on direct appeal constitutes new evidence. Responding to an argument by Mr. Bourke's lawyer, the government counsel said that he was "puzzled by [the defense's] argument that because the government had the flight records [that conflicted with Bodmer's testimony], Mr. Bodmer should have been rehabilitated in witness prep. It would have been utterly improper for us to show him the flight records to point out to him that his recollection of these meetings was apparently flawed."

Bourke argues that this was an admission by the government that it knew about the discrepancy between the flight records and Bodmer's testimony. However, read in context, the statement in no way indicates that the government knew about the discrepancy. Rather, the only natural reading of the statement is that in a *hypothetical* situation where the government knew about the discrepancy, the government counsel believed it would be unethical to "coach" the witness by confronting him with those inconsistencies. Regardless of whether this would be the appropriate response to such a hypothetical situation, it does not show that the government actually realized that Bodmer's testimony conflicted with the flight records.

3

Bourke contends that our alternative reading of the government's statement is still "newly discovered evidence" that should give rise to a new trial because he "could have [used it to] attack[ ] 'the thoroughness and . . . good faith of the investigation.'" Appellant's Br. at 46 (quoting *Kyles v. Whitley*, 514 U.S. 419, 445 (1995)). As the district court explained, it is difficult to see how a prosecutor's hypothetical response to a hypothetical situation on appeal is "evidence, newly discovered or otherwise." *United States v. Bourke*, No. S2 05 CR 518, 2011 WL 6376711, at *10 (S.D.N.Y. Dec. 15, 2011).[1]

In any event, even if we determined that the government's statement constituted newly discovered evidence of perjury, Bourke has failed to demonstrate—as required—that Bodmer actually committed perjury. The district court has twice found that there was no conclusive evidence that Bodmer committed perjury, and we reiterated in our opinion on Bourke's direct appeal that a reasonable jury "could have concluded that the conversations [between Bodmer and Bourke] took place and that [Bodmer] simply got the dates wrong." *Kozeny*, 667 F.3d at 140. The statement made by the government's counsel on appeal certainly does not convince us that we should reach a different conclusion.

---

[1] Moreover, even if the government's statement on appeal constitutes evidence of some kind, it likely does not constitute evidence *of perjury*. Bourke does not adequately explain how the government's purported policy of failing to confront witnesses with inconsistent documents during preparation makes it any more likely that Bourke was intentionally lying on the stand, as opposed to simply providing a mistaken recollection. When a Rule 33 motion is based on newly discovered evidence other than evidence of perjury, the movant must show that the new evidence *probably* would have resulted in an acquittal. *See United States v. Persico*, 645 F.3d 85, 109 (2d Cir. 2011). Given that the jury was aware of the discrepancy in Bodmer's testimony and still found Bourke guilty, there is no reason to believe that the jury would have reached a different result because of how the government might have responded to a hypothetical situation.

Therefore, the district court did not abuse its considerable discretion in denying Bourke's motion and in declining to hold an evidentiary hearing on the matter. As a result, we need not consider whether Bourke has met the other elements of the standard for a Rule 33(b) motion based on newly discovered evidence of perjury. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit